the first case of the morning call 211 0567 People to State of Illinois v. Edgar Salgado-Ortiz. On behalf of the Appellant, Ms. Kathleen Hamel. On behalf of the people, Mr. Jerry Jacobs. Good morning, Counsel. Good morning. Good morning, Your Honor. Good morning, Counsel. Kathleen Hamel from the Office of the State Appellate Defender representing Edgar Salgado-Ortiz, the defendant. Mr. Salgado-Ortiz pled guilty to two counts of an indictment that charged him with 10 counts of predatory criminal sexual assault of a child. Each of the counts stated that it was based on a separate and distinct act that occurred between March 1st, 2003 and March 2nd, 2008. The child's birthday apparently was March 2nd, 1995. Five of the counts alleged that the defendant had inserted his penis in the child's vagina and five it was a digital insertion. At the plea hearing, the court told the defendant that any sentence he received would include an MSR term of natural life. And the factual basis... Did the court say natural life or did he say three years to... He said natural life. And he was represented by counsel, correct? Yes. And he was asked whether or not he understood what the court was telling him and through an interpreter he said yes, correct? That's all correct. And if the defense had any questions about the MSR term, wasn't it his responsibility to raise that at that time? I would think so. I believe that what happened in this case is that nobody appears to have been aware of the fact that the statute changed during this time period that was alleged in the indictment. And the problem that we think this presents is that regardless of whether he was told that he could receive or that he would receive a sentence of natural life, the factual basis for the plea and the factual basis that is presented by this record generally does not identify when the two counts, the events that underlie the two counts that were charged in the indictment to which he pled, occurred. Doesn't common sense indicate, though, the factual basis that through the years, through all those years that this abuse occurred? Doesn't common sense dictate that the court could interpret that to mean that the sexual abuse or the sexual penetration stopped in that later year? Isn't that a reasonable inference to be drawn from the factual basis? Well, actually, there's almost no inference that could be drawn from the factual basis itself. The basis that was given at the hearing was that the prosecutor said merely that between March 2nd, 2003, and March 1st, 2008, the defendant placed his penis in his daughter's vagina. He didn't even mention that there were two counts. Indicating that it was ritualistic sexual abuse against a child that ended in 2008. I see what you're saying. There is a case, actually, in which the court says that the charge was actually of a continuing course of conduct. However, we don't have that situation here because in that case, which I thought I made a note of. I'm sorry, I can't remember the name of it. In that case, the situation was that there was only one count charged. Let me ask this. What's the purpose of the factual basis? Isn't it just to determine that the plea is voluntary and the defendant understands that the state can prove this? Yeah, it was to determine whether or not there is some reason to believe that the defendant did commit the charged crime. But part of committing the charged crime here changes what MSR term is available. But this was a plea agreement. The state negotiated for a lower sentence in exchange for the defendant's agreement to be subjected to a mandatory life term. So if there's any relief, we can't just grant partial relief. We'd have to reverse the case and send it back or remand it for further proceedings so the state could reopen all the charges. Well, there's really no indication on the record that the MSR term was considered something that was negotiated simply because there was no clarity at all regarding when these counts occurred at the plea proceedings. The defendant accepted the partial plea agreement, which included a cap on only two counts with a mandatory life term. Isn't the state's interest in ensuring that the defendant doesn't become a recidivist and keep him on mandatory life term, isn't that an important consideration in determining what relief, if any, should be granted? I believe it is an important consideration, but also what is important is we have to look at the law and see whether or not the MSR term that was given to the defendant was authorized under the law that was in effect at the time that he committed the crime. And, of course, he could have also received the MSR term that was in effect at the time that he was sentenced, but he should have had an opportunity to elect in that event. But now if it was unauthorized, what's the effect of that? And how does that affect whether or not we can actually look at this? Well, I know the defendant has no interest in withdrawing his plea at this point. He is pursuing just relief in the form of having his MSR term reduced, and so I suppose in the Woodfield sort of an approach might be taken. So put this in context of what's going on, because I understand the argument to be eligible for a three-year to life term of MSR. The record must establish that the defendant committed the offense between January 1, 2006 and March 1, 2008, correct? Yeah. You're taking the position, I take it, that nothing in the record substantiates that, that it's not proven sufficiently, correct? Well, it's not a matter of proof, I suppose. It's a matter of whether or not the record indicates when the two counts to which he pled occurred. This is a problem that's created by a combination of the state's vague pleadings, where each count was worded pretty much identically, and it simply distinguishes between the acts by saying separate and distinct rather than saying what made them separate and distinct. Was there a request for a bill of particulars? No. Okay. No, there was not. And this was a negotiated agreement, correct? Yes. And was the court, besides what took place on the record, do you know whether or not the court participated in the 402 conference? I'm afraid I don't know. And let me ask you this. What's the impact of, what's your argument regarding forfeiture if this wasn't raised below? Well, they have, it said if it's an illegal sentence, an unauthorized sentence, this court would be able to. But it's not unauthorized. The court had, it's not void. It's voidable because we don't know. According to your argument, we are not sure. So it's possibly an appropriate sentence. We just can't determine it from the record. Well, we would ask, I know in my brief what I said is that under the law of lenity, the MSR statute itself should be construed as ambiguous and should be construed therefore in favor of the defense. I realize in further reflection that what I'm asking is that the result of the plea hearing be, that is what is ambiguous. And I'm asking that because it is ambiguous and because the ambiguity was caused by the state's vague pleadings and nonspecific factual basis that our position regarding lenity amounts to request that the lenient version of the MSR statute be applied in this case. Do you have any case law for that to support the proposition that lenity applies where the statute is not ambiguous but the record below is ambiguous? But the application of it is? No, I'm afraid not. Let me get to the issue. You say in your brief that the standard of review is de novo. Yes. Isn't it a factual issue where the court can make an inference, not just from the plea, but from any proceedings that took place that are part of the record in this case? Well, here, though, the question would be, the legal question would be whether the record, which it's indisputable what's on the record, whether what is on the record is sufficient to provide a factual basis for conviction of these two counts. I mean, I'm sorry, for imposition of the MSR based on these two counts. Counsel, what about getting back to what the record establishes and doesn't? Didn't the defendant make an admission that he started touching FS sexually when she was 12 years old? And based upon how long that went on, isn't the record, doesn't it allow for some of that conduct to be within two years of his arrest and then arguably within the statutory time? What do you make of that admission? Well, what it was is that there were actually two admissions that were referred to by the state in its brief. One of them was an Adelante report that was prepared in November of 2009, which is before the plea hearing. In that one, he told the person who was writing the report that he began abusing his daughter when she was 10 years old. That would be 2005, March of 2005. And so some of the conduct, possibly the two counts to which he pled, could have occurred in 2005, and that, of course, would limit the MSR to three years. The other report is the one you've just referred to. It was prepared by the Wake County Adult Court Services, and it was prepared in February of 2010, after he was convicted, something that the state knew nothing about apparently until after he had entered his plea. He's now facing sentencing and has apparently decided to improve the story a bit from his point of view so that rather than sexually abusing a 10-year-old, he has himself sexually abusing a 12-year-old. I wouldn't say whether or not this would be sufficient, particularly given the change between his own statements in these two reports, whether this would be sufficient to justify the imposition of this drastically longer MSR period. I mean, he would qualify arguably as an admission, though, wouldn't he? It's a voluntary admission. Well, it's on the record. I do admit that. If you have no other questions, for all the reasons that are stated in our briefs, for those given today, I ask this Court to modify the defendant's MSR period to three years. Mr. Jacobs. Good morning. I'm Barry Jacobs on behalf of the people. May it please the Court and counsel. The state is asking, of course, that this Court affirm the defendant's sentence in full, the natural life term of MSR that was imposed correctly by the Court. It's somewhat baffling to me the argument that the rule of lenity somehow applies in this case. The defendant himself concedes in both his brief and his reply brief that the life term MSR was available in the situation where at least some of the acts allegedly indictment were committed after the effective date of the act, which was January 1st, 2006. So the defendant himself admits that there was no ambiguity in this statute, and I believe with respect to counsel's argument this morning, she agreed with that. But, counsel, she also argued, at least in the brief, that each of these counts was a separate and distinct act and that it would be logical to presume that they started chronologically and so that counts 1 and 2 applied to acts that occurred at the beginning of this period of time, which would have been before the change in the statute. So how would you respond to that argument? That was her argument. It's the state's position that that is not a reasonable argument. There is nothing in this entire record that indicates that the state was quantifying or attempting to impose a chronology in these counts that were being decided. They did each charge a separate act. However, they charged the range between 2003 and 2008. I would also submit that as counsel... Well, excuse me. That would have been just to place the date for one particular act, right, or give a range for a date range, let's say, for a particular act. So why is it illogical to assume that the acts in count 1 were the earlier acts on count 2? It's the state's position that this just requires a huge presumption that that was the intention of the defendant in pleading guilty. For the intention of anyone, the record simply doesn't support it. It may be logical, but it would also be logical that he could have pled guilty to counts 9 and 10. The people would submit that there was more than likely an oversight in terms of which count he actually pled to. But it is clear that prior to pleading guilty, he was admonished that he would be serving a natural life term of mandatory supervisory leave. Mr. Jacobs, the factual basis. Doesn't just the factual basis support the inference that the penetration continued up to and including 2008? Yes, it's the same position that the factual basis says between March 2, 2003, and March 1 of 2008, the defendant placed his penis in the vagina of the victim. Yes, that was my original point. There's nothing within the indictment that quantifies when these offenses occurred. They were all separate offenses, but there's nothing in the indictment, nothing in the entire record that would indicate that. In fact, to the contrary, both of the reports that were cited by counsel and I cited in my brief, the Adelante report, which was done prior to the plea, the defendant indicated he had been abusing his daughter during the period she was 10 years old and 14 years old. It was clearly based on her birthday of, I believe, March 2, 1995. She was 14 years old in 2009 when he was arrested on June 24. And from the other allegations in the indictment, couldn't the court infer that this was a ritualistic abuse that occurred many, many, many times over the course of that period? Yes, the McDade case, which counsel referenced and did cite in her brief, although that's slightly different in terms of what the indictment said. It was a single count, indicated that the, I don't recall exactly the name of the case it was relying upon, but indicated that the act of predatory criminal sexual assault was not completed until the very last, or the offense was not completed until the very last act. So it is the state's position that the indictment clearly laid out that time period. Do you believe the standard of review is de novo or abuse of discretion? It is a factual matter. And as I just argued, the entire record supports a finding that there was a basis. I don't believe that the standard matters. I did not challenge it in my brief. Although it is a factual matter as far as the state is concerned. If it were de novo review, any time there wasn't even the slightest issue, it would require this court to review the entire record, correct? Yes. Whereas an abuse of the standard would mean, the question is whether any reasonable person would agree with the result of the decision by the trial court. Wouldn't that be arguably a better standard of review in your perspective? Arguably better. That's why I've stated that it would be the state's position. It would be abuse of discretion. However, I don't think it matters in this case under either standard. The record clearly supports the state's position. Do you know whether or not the trial court participated in the 402 conference before? I don't recall whether or not it did, Your Honor. But I do think it's significant, again, that prior to the plea, the court did admonish this defendant. And he did agree for that sentencing cap and that he would serve an MSR of natural life. So that makes his agreement part of the agreement, the partial plea agreement? My recollection of it is that the court in reviewing the terms was reviewing this as a condition of the plea agreement. That's my recollection. I believe it. I'm not certain where it is in the record. I thought I'd made a note. I also would note that there wasn't a bill of particulars requested in this case. The defendant's argument that had the state amended this indictment prior to the plea is, I understand. However, the defendant didn't question this in the trial court, didn't make any inquiry prior to the plea. And it's the state's position that it's forfeited. It was avoidable, possibly avoidable, I should say, and was not challenged in the trial court. If there are no other questions, I would just, again, affirm or restate that the state is seeking a course that would affirm the entire sentence, including the MSR. Thank you. Ms. Hamel? Just checked my notes on the 402 conference, and they do not reflect that the court participated. It's just silent on it. It shows that in October, the defendant said that he had been given a plea offer. And then there was some talk about thereafter each hearing, they say the defendant is anticipated to plead, and then he eventually does. And so there really isn't any indication. Some judges have a routine of meeting with parties, and some don't. You don't know whether Judge Foreman had any particular habit? I don't. I don't know anything about that, I'm afraid. Regarding the McDade case, which was the case of the name of which I couldn't recall when I was up here before, the difference is that the defendant was charged with a single count of a sex offense based on multiple acts. And the time period in which they occurred straddled the effective date of the Truth in Sentencing Act. And so what the court held was that because it was a single count, the multiple acts were seen as all the conduct that was relevant to the charge. Whereas here, we have ten counts that are based on ten separate and distinct acts. And so that's why we have the ambiguity and why it's different from McDade. Other than that, I have nothing else. Melissa, Your Honor, does have any questions? Okay. Thank you very much, Counsel. Thank you. The court will take the matter under advisement and render a decision in due course. The court stands in brief recess until the next case. Thank you.